UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-20618-CR-MORENO

UNITED STATES OF AMERICA

vs.

HECTOR ALONSO CANAVERAL MENDOZA,

Defendant.

_____/

PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and HECTOR ALONSO CANAVERAL MENDOZA, (hereinafter referred to as the "defendant") enter into the following agreement:

1.   The defendant agrees to plead guilty to Count 2 of the Indictment, which charges the defendant with Conspiracy to possess with intent to distribute more than 5 kilograms of cocaine on board a United States registered aircraft, in violation of Title 21, United States Code, Sections 959(b)(2) and 963.

2.   The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").   The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered.   The defendant is also aware that, under certain circumstances, the Court may depart from the advisory

sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.   The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range.   Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3.   The defendant also understands and acknowledges that the Court must impose a minimum term of imprisonment of ten (10) years and may impose a statutory maximum term of imprisonment of up to life, followed by a term of supervised release of at least five (5) years up to life.   In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $10,000,000.

4.   The defendant further understand and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $ 100 will be imposed on the defendant.   The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.   If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5.  This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.   Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6.  This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.   If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.   This Office further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the Court.   This Office, however, will not be required to make this motion and recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but

not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7.   This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

a.   Quantity of drugs: That the quantity of cocaine involved in the offense, for purpose of Section 2D1.1(a) and (c) of the Sentencing Guidelines, is 800 kilograms.

8.   The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that, pursuant to Section 5C1.2 of the Sentencing Guidelines, the Court impose a sentence within the sentencing guideline range without regard to any statutory minimum sentence identified in paragraph 4 above, provided that:

(a) defendant is not found to have more than one criminal history point, as determined under the Sentencing Guidelines;

(b) not later than the time of the sentencing hearing the defendant provides to the United States a written statement truthfully setting forth all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan as charged in the indictment; and

(c) the defendant is not found to have used violence or threats of violence, or to have possessed a firearm or other dangerous weapon in connection with the offense; that the offense did not result in death or serious bodily injury to any person; and that the defendant is not found to have been an organizer, leader, manager or supervisor of others in the offense.

9.      The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c)  if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents.   In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he will not commit any further crimes.

10.     This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing.   If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced.    The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

11.     The defendant understands and acknowledges that the Court is under no obligation to grant the 5K1.1 or Rule 35 motions referred to in paragraph 10, above, should the government exercise its discretion to file any such motions.   The defendant also understands and acknowledges that the court is under no obligation to grant the 5K1.1 or Rule 35 motions and reduce the defendant's sentence because of the defendant's cooperation.

12.     The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case.   Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing.   The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291.   However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights.   By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

13.     The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of   the   probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the

probation office or the Court.   The defendant understands further that any recommendation that

this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is

not binding on the Court and the Court may disregard the recommendation in its entirety.   The

defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that

the defendant may not withdraw his/her plea based upon the Court's decision not to accept a

sentencing recommendation made by the defendant, this Office, or a recommendation   made

jointly by the defendant and this Office.

     14.   This is the entire agreement and understanding between this Office and the defendant.

There are no other agreements, promises, representations, or understandings.


                              WIFREDO A. FERRER
                              UNITED STATES ATTORNEY


Date: 1/26/16                 By: _____
                              MONIQUE BOTERO
                              ASSISTANT UNITED STATES ATTORNEY

Date: 1/-5/16                 By: _____
                              LOUIS CASUSO
                              ATTORNEY FOR DEFENDANT

Date: 1/26/16                 By: _____
                              HECTOR ALONSO CANAVERAL MENDOZA
                              DEFENDANT