UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.13-CR-20618-MORENO

UNITED STATES OF AMERICA
Plaintiff,

vs.

HECTOR ALONSO CANAVERAL MENDOZA
Defendant
_____/

## OBJECTIONS TO THE PRESENTENCE INVESTIGATION

**Comes now** the defendant Hector Alonso Canaveral Mendoza by and through his undersigned counsel and files his objections to the pre sentence investigation.

1. At Page 5 Paragraph 8 The defendant denies that he obtained pilots or procured airstrips for smuggling operations.

2. At Page 5 Paragraph 9 Canaveral Mendoza did not recruit any pilots.

3. At Page 8 Paragraphs 24 Canaveral Mendoza objects to four level leadership role and argues that he should be entitled to a minor role since his role in the offense was to try to find a plane for somebody else to smuggle the drugs.

## MEMORANDUM OF LAW

Mr. Canaveral Mendoza recognizes that he did wrong and for that reason he pled guilty. As outlined above the court should take into account that the defendant was a minor participant in

this case as a minor participant is defined in <u>United States v. DeVaron</u>, 175 F. 3d 930, 943-944 (11th Cir.1999). That is:

1.- He did not have knowledge of the extent of the conspiracy.

2.- Did not share in the profits.

3.- His duties were not important to the conspiracy.

4.- He did not have a possessory interest in the drugs nor a stake in the success of the venture. Therefore Mr. Canaveral Mendoza is entitled to a reduction of his offense level based upon his reduced role in the criminal activity. The sentencing guidelines recognize that not everyone charged under any given statute is equally culpable. The guidelines take this into account by providing for enhancements and reductions to the offense level based on each individual's involvement in the crime. See USSG && 3b1.1, 3b1.2. The offense level of those who organize or manage criminal activity is increased according to the scope of the activity. See USSG & 3B1.1. On the other hand, a defendant's offense level is reduced by two points if he or she is less culpable than most other participants and thus played what is termed a minor role in the offense. See USSG & 3B1.2(b) & commentary n.3. The offense level of the least culpable

        defendants in a crime is reduced by four points. These individuals are said to have played a minimal role in the crime. See USSG & 3B1.2(a) & commentary n.1 & 2. A three-point reduction is made to the offense level of those who played more than a minimal role but less than a minor role. See USSG & 3B1.2.

A defendant who is accountable under & 1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and who performs a limited function in concerted criminal activity is not precluded from consideration for an adjustment under this guideline. For example, a defendant who is convicted of a drug trafficking offense, whose role in that offense was limited to transporting or storing drugs and who is accountable under &1B1.3 only for the quantity of drugs the defendant personally transported or stored is not precluded from consideration for an adjustment under the guideline, Note 3A. The determination of whether a defendant is entitled to a minor role is heavily dependent upon the facts of the particular case. Note 3C.

Whether a particular defendant is entitled to a reduction Of the offense level because of his role in the offense is a fact-specific inquiry that must be made on a case-by-case basis. See <u>United States v. Rodriguez de Varon</u>, 175 F.3d 930,938(11th Cir.1999).

This inquiry is informed by consideration of the defendant's role in the conduct for which he or she is responsible at sentencing as well as by comparing the defendant's role to that of other participants in the offense. See id. At 941,945. All those who could be held criminally responsible for the charged conduct are participants regardless of whether they were arrested, or convicted. See USSG & 3B1.1, commentary n.1.

The guidelines set the base offense level (and thus the unadjusted sentence) applicable to all those involved _ kingpins, suppliers, buyers, brokers, look-outs, loaders, unloaders, couriers – solely on the basis of the type and amount of drugs the government can prove were involved. See USSG & 2D1.1. The obvious disparity in culpability among the gamut of drug traffickers – from kingpin to unloader – is reflected at sentencing by adjusting the offense level based on their respective roles. In these cases, the Eleventh Circuit has noted several factors that affect assessment of culpability. These include:

- whether the defendant had decision-making authority over how and when to move the drugs, See United States v. Jones, 933 F.2d 1541,1547 (11th Cir. 1991), United States v. Delgado, 56 F. 3d 1357,1371 (11th Cir. 1995);

- whether the defendant participated in planning the operational aspects of the drug activity, see Rodriguez de Varon, 175 F.3d at 945, United States v. Brazel, 102 F. 3d 1120, 1132-33, 162-63(11th Cir.1997), Jones, 933 F. 2d at 1547;

- whether the defendant recruited others into the activity, see United States v. Matthews, 168 F. 3d 1234,1249 (11th Cir.1999);

- whether the defendant had authority to set the price of the drugs, see United States v. Stanley, 24 F. 3d 1314, 1323 (11th Cir. 1994);

- whether and to what extent the defendant personally engaged in any drug transactions, see Matthews, 168 F.3dat 1249;

- whether the defendant had an equity interest in any drug transactions, see Rodriguez de Varon, 175 F.3d at 945, Cataldo, 171 F.3d at 1320;

- the relative share of the drug profits the defendant would receive, see Rodriguez de Varon, 175 F.3d at 1371;

- the nature and degree of contacts the defendant had with other participants, see Cataldo, 171 F.3d at 1320, United States v. cacho, 951 F. 2d 308,310 (11th Cir. 1992);

- the scope of the defendant's knowledge of other planned or actual drug deals among other participants, see Cataldo, 171 F. 3d at 1320; Brazel, 102 F.3d at 1133, 1162-63;

Based upon the facts the defendant should be entitled to a minor role.

If the court agrees with the defendant's objection his guidelines would be as follows:

```
38 Base Offense level (2D1.1(G)(5)
-4 2D1.1(16)
34
-2 Safety Valve
32
-2 Minor role
30
-3 Acceptance
27 = 70-87 months
```

        Respectfully Submitted,

        s/LOUIS CASUSO_____
        LOUIS CASUSO, Esq.
        FL. Bar Number 0179470
        Law Offices of Louis Casuso
        14 NE 1st Avenue, Suite 702
        Miami,FL. 33132
        (305) 374-0127 fax
        lclouielaw@aol.com

## **CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a true and correct copy was electronically filed the foregoing document with the Clerk of the Court using CM/ECF on this 4th day of March 2015.

        BY:S/LOUIS CASUSO\_\_\_\_\_
           LOUIS CASUSO, Esq.